Good morning, your honors. May it please the court. Elizabeth Richardson Royer on behalf of Julien Noel, the appellant. I intend to reserve two minutes for rebuttal, but I will watch the clock. Although this appeal raises several issues, this morning I plan to address the issue of self-representation. That is, whether the district court erred under Indiana v. Edwards and this court's subsequent authority in permitting Mr. Noel to represent himself at trial and sentencing on serious, complicated tax fraud and conspiracy charges. So first, I plan to address the government's argument that Edwards does not impose an affirmative duty on district judges to deny self-representation on competency grounds under any circumstances. And second, I will explain why the district court both applied the wrong legal standard in this case and even assuming the correct standard clearly erred when it found that Mr. Noel was competent to represent himself, particularly at sentencing. Turning first to the issue of whether under Edwards a district court must, not just may, deny self-representation where a defendant is incompetent to represent himself. The government asserts that because Edwards dealt with the opposite question, that is whether a court can deny self-representation, that there's no affirmative duty. And that just doesn't make sense when you look at what was the basis for the court's decision in Edwards, which was a concern with the Sixth Amendment right to a fair trial and a concern with the public perception of a fair trial. And so if the need to protect the right to a fair trial permits a court to deny self-representation, then that same right must be able to override the right to self-representation, which is limited in other contexts and require a district court to do so where self-representation would undermine the right to a fair trial. Have any circuits weighed in on that issue, the Ninth or any other circuits that you could offer to us as authority? I'll start first with the Ninth Circuit, where the court's decisions, and there are now five published decisions applying Edwards, strongly suggest that there is an affirmative duty. And in particular, in United States v. Brugnara and United States v. Ferguson, the court recognized the underpinnings of the Edwards decision and recognized that that decision was motivated and animated by a concern for the fair trial. And the court also has analyzed these claims, these Edwards claims, under an abuse of discretion standard, which strongly suggests that if there were no duty, then why are we even looking at these claims? And the court has done so, repeatedly looked at these claims, assuming and also applying abuse of discretion. And you don't need to go through the other cases for my part. My sense is that the courts have suggested, as you said, but have not ruled that it's required or insisted. I think in this circuit in particular, the court has not needed to rule that way. The court has assumed that there's a duty and has analyzed these claims under an abuse of discretion standard, but has found that either there was no abuse of discretion. So in Brugnara, the court specifically held that the district court did not deny a fair trial by permitting self-representation. And the court has applied the law in ways that I think create that ruling, although it has never come out and said there's an affirmative duty to protect the right to a fair trial by denying self-representation in these circumstances. And I think part of the problem is that Edwards was vague. And as Justice Scalia noted in his dissent, he said this was an extraordinarily vague standard. This court has also acknowledged that the standard was vague. The expert in this case, Dr. Cohen, said that Edwards provided him no guidance in terms of how to determine the competency for self-representation. The district court below said certainly more guidance would be helpful. So there is a difficulty in the standard to be applied, but as the court held in Edwards, there is a standard to be applied. It's a different standard than the standard for competency. And below, the district court, although paid lip service to the idea of a different standard, really applied the same competency standard that had long been in place by looking at voluntariness, by looking at the choice that the defendant was making, rather than, as the Supreme Court suggested in Edwards, his ability to actually represent himself, his, quote, technical legal expertise, which was something that the Supreme Court said was relevant when you come to discussing self-representation at trial, even though it hadn't been relevant in the prior decisions in Godinez versus Moran and the prior decisions. Well, the district court did consider that issue in terms of how effective the district court thought he could be and said that, well, I don't know that he could really be effective in representing himself. I mean, as it turned out, the record in this case was that he did participate in the trial opening statement, cross-examination, and so forth. But what are we to make of this particular record where the defendant, the evidentiary record in this particular case, setting aside the legal issues that you raised, where the psychological reports all came back saying, yeah, there's no indication he's not competent to represent himself. The district court engaged in a discussion with the defendant about that, considered whether he would be effective or not, and sort of pulled in all of the factual issues that's laid out in the record. I think that's what abuse of discretion of review is all about. We're not gonna second-guess it under these circumstances. So can you address the evidentiary record that the court was faced with and weigh that against the defendant's absolute right to represent himself, regardless of whether he'd be a good lawyer in his own defense or not? Yes, Your Honor. To start with the back end of your question, I think there is no absolute right to represent yourself. And so that is what we're looking at, is whether the court abused its discretion. One other slight correction. The first report by Dr. Fairstein, Dr. Fairstein concluded and felt strongly that Mr. Nowal was not competent to represent himself. So there was not unanimity among the expert reports. The second report, the MDC report, really focused, as Dr. Cohen acknowledged, on the traditional question of competency. And there were a couple of lines there where Dr. Johnson said he's competent to assist his attorney and represent himself, but really didn't analyze the idea of self-representation. And this is kind of a new idea for some of these clinicians. With respect to Mr. Nowal's performance at trial, certainly, and the government makes this point, he participated, if you can call what he did participation. The government points out that he proposed jury instructions and voir dire questions. And that's true technically. The jury instruction that he proposed was that the jury have to find him guilty beyond a reasonable doubt. That was the only instruction that he proposed. For voir dire, he wanted the court to ask the jury whether they knew what Coca-Cola was, which the court declined to do. So the objections that he made, the government points out he made objections at trial. And one of the ones the government points to at ER 210 is an objection to an exhibit that was a duplication of a signature card, which he objected wasn't the real card, which was sort of the nonsensical type of objections that he interposed during trial. His participation, particularly when you compare it to the participation of the defendants in this court's prior cases, really was not as effective as the government would make it be. But I think, and I'm gonna try to save a little bit of time, but even if you look at his conduct at trial and say, well, he participated to some extent, he did not participate at sentencing. He filed no sentencing position paper. He did not speak at sentencing. And although probation recommended 33 months, he ended up getting 63. So he was totally without counsel, totally without the ability to advocate for himself there. And I'll save the rest, thank you. Thank you. Thank you. Good morning, your honors, and may it please the court, Aaron Ketchel for the United States. Defendant unequivocally requested to proceed pro se. In evaluating that request, the district court applied the proper legal standard under Edwards and considered multiple psychiatric evaluations which found the defendant was competent to proceed pro se. The district court therefore did not err when it found that the defendant was exercising his right under the Sixth Amendment to represent himself. Both the Supreme Court and this court have instructed that decisions regarding the defendant's competence to proceed pro se are best left with a trial court. This is because trial courts are required to make decisions that the Edwards court described as fine-tuned mental capacity decisions tailored to the individualized circumstances of a particular defendant. In Turner, this court said that district courts are given a wide berth in considering competency claims. Indeed, a federal appellate court has never reversed a district court applying Edwards which found that a defendant was competent to proceed pro se. I'll just address briefly the argument made regarding the review and whether there is an obligation of a trial court to impose counsel on a defendant. And I think this court's decision in Ferguson is actually instructive in that respect. In Ferguson, the district court did not apply Edwards because Edwards had not yet been decided. On appeal, this court remanded back down for the district court to apply Edwards. But said that it was up to the district court whether or not to hear more evidence regarding the Edwards claim. And furthermore, after the district court made a decision about whether Edwards would apply, this court indicated there would be no further review of that court's decision. That the district court's decision on that issue would stand. So this court has repeatedly given great deference and we would argue clear error or beyond deference on questions of competency. And unless the court has particular questions, I'm happy to submit on our briefs. I do have a question about the sentencing. Yes. Hearing. The record appears to show that Mr. Knowles or Noel's behavior was especially odd and bizarre at the sentencing phase. Yes, Your Honor. And one could argue that perhaps much more so than during the trial. I recall that the district judge asked Dr. Johnston who had performed one of the evaluations to take a look at the record and see if Mr. Noel was competent to represent himself at the sentencing. And Dr. Johnston found that he was. But the same incentive that you might have to act oddly or strange way at trial don't, arguably, don't exist at sentencing. It just doesn't benefit him at all at sentencing. So I guess I'm wondering if you'd address that. Why there's not an abuse of discretion in the judge perhaps either doing more or ruling that he needed counsel? Yes, Your Honor. Certainly a defendant, it's hard to second guess a defendant who has somewhat bizarre understandings of the legal system and bizarre motivations for how to act much like tax protestors do regularly in various proceedings. Here on this record, there was no abuse of discretion and no clear error. What happened was prior to trial, defendant was evaluated multiple times. And what those psychiatric evaluations found was that defendant was acting deliberately and likely malingering. Those diagnoses are consistent with what defendant did at sentencing when defendant basically avoided participating whatsoever in the first sentencing proceeding. After the first sentencing proceeding, the district court had some concerns and asked MDC to reevaluate the defendant to determine whether his mental status had changed. And certainly, I think that's where the abuse of discretion standard would end. Whether the court procedurally asked for a further evaluation to be done, which is what happened. But the reevaluation was based upon the transcript that existed back when I think Dr. Johnson or maybe Dr. Cohen did the examination. There was no, was there a new evaluation performed? Yes, Your Honor. After the first sentencing proceeding, I believe that we provided the transcript of the first sentencing hearing to the MDC officials. And furthermore, Mr. Noel was being housed at MDC and they could do further evaluation of him as he was being housed after the first sentencing hearing. I guess that's my question is whether the evaluation was based upon the transcript which would have reflected Mr. Noel's mental, his behavior at that time, as opposed to an actual evaluation of him at the time of the sentencing hearing. Yes, I think it was a contemporaneous evaluation of him after the first sentencing proceeding. And what they found was that the behavior of Mr. Noel was consistent with someone who was malingering. And in addition, we submitted the declaration from the U.S. Marshal who noted that after the defendant refused to participate in court, he left the courtroom, started laughing, and indicated that this was what he had to do to show that he was under duress. So I think the record here establishes that the district court did not clearly err in finding that defendant continued to act in a malingering fashion and was making a mockery of the court process. Judge Bishop, do you have any question for the government? No, I do not, thank you. Thank you very much for your argument, counsel. Thank you, your honors. I just wanted to briefly respond to Chief Judge Cole's question about the nature of the evaluation that was performed after the first sentencing hearing. There was no additional evaluation performed by Dr. Johnson. The declaration makes clear that Dr. Johnson looked at the transcript of the first hearing and looked at the prior report that MDC did months or I think even more than a year prior. And apparently from the declaration performed some research from unknown sources about the nature of the sovereign citizen movement. But there was no additional evaluation, which is what the district judge had initially requested and is what our position is should have been done at that time. And it had been some time since any evaluation had been done of Mr. Noel and defense counsel and the evaluators noted that he had been deteriorating over time. All right. Thank you. Thank you. The matter is submitted for decision.
judges: Cole, Fisher, Nguyen